United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 4, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 05-30773
Summary Calendar

DOROTHY WHITE

Plaintiff - Appellant

VERSUS

TONY MUSCARELLO; CYNTHIA BUTLER BLUCHER; JEFFERSON PARISH SCHOOL
BOARD

Defendants - Appellees

Appeal from the United States District Court
For the Eastern District of Louisiana
(No. 02-CV-1657)

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

White initially filed a Title VII suit against the defendant
complaining that she was a victim of racial discrimination when she
was discharged from her job as a custodial worker at a public
school operated by the defendant. After her attorney withdrew from

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the case White and appellee agreed to settle her claim for $600. Based on this agreement, the court issued a 60 day order on September 12, 2005 to dismiss the case. Approximately 30 days later White moved to set aside the settlement agreement which the district court denied. On December 21, 2004 over 1 year later White filed a notice of appeal. This court dismissed White's appeal as untimely. On June 7, 2005 White filed a motion for reconsideration of the denial of her appeal with the district court. The district court treated White's motion as a Rule 60(b) motion for reconsideration of the court's denial of White's motion to set aside the settlement agreement and denied the motion. White then filed this appeal.

The only issue before this court is whether the judge abused its discretion in denying White's motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(6).

White has filed a one page *pro se* brief and asserts in a conclusory statement that the settlement was not fair because it provided inadequate compensation for her injuries. This conclusory statement is inadequate to demonstrate that the district court abused its discretion in denying the motion for reconsideration.

The judgment of the district court is therefore AFFIRMED.

AFFIRMED.

2